Cite as 2021 Ark. App. 443

# ARKANSAS COURT OF APPEALS
EN BANC
**Nos.** E–21–572; E–21–573; E–21–574

|  |  |
|---|---|
|  | **Opinion Delivered** November 10, 2021 |
| CRAIG ROBINSON AND RONNIE TUCKER<br>APPELLANTS | APPEAL FROM THE ARKANSAS BOARD OF REVIEW<br>[NOS. 2021-BR-02227; 2021-BR-02228; 2021-BR-02080] |
| V. |  |
| DIRECTOR, ARKANSAS DEPARTMENT OF WORKFORCE SERVICES<br>APPELLEE | MOTIONS FOR RULE ON CLERK<br><br>GRANTED |

## PER CURIAM

In each of the three referenced unemployment cases, our clerk rejected the appeal for perceived untimeliness of the respective claimant-appellant's petition for review. The appellants now seek orders allowing their petitions for review to be filed in this court. We treat the motions as motions for rule on the clerk and grant them.

A party entitled to a decision by the Arkansas Board of Review "shall have thirty (30) calendar days from the date the decision is mailed" to him within which to request judicial review by this court. Ark. Code Ann. § 11–10–529(a)(1)(A) (Supp. 2021). The petition for review can be filed in person at our clerk's office or by mail. "If mailed, a petition for review shall be considered filed as of the date of the postmark on the envelope." Ark. Code Ann. § 11–10–529(a)(1)(B).

Here, all three of the Board's decisions were mailed on August 6, 2021. The thirtieth day thereafter was September 5. In each case, the appellant's petition for judicial review was mailed to this court, and each bore a postmark of September 7, the thirty-second day after the Board's decisions were mailed to the appellants. As the appellants point out, however, September 5 was a Sunday, and September 6 was Labor Day.

We note that our clerk's office was closed to in-person business on September 5 and 6 and that the United States Postal Service does not postmark mail on Sundays or federal holidays, such as Labor Day. Therefore, we hold that the appellants' petitions for review were timely filed on the next business day, and we grant the motions for rule on the clerk and order the appeals to be filed. To do otherwise would be to deny the appellants the full thirty-day period for action granted them by section 11–10–529.

*Mercer Law Group*, by: *Justin G. Mercer*, for separate appellant Craig Robinson.

*Thurman & Flanagin*, by: *Chris Flanagin*, for separate appellant Ronnie K. Tucker.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.